UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miguel Barrios Balbuena<br>(A-Number: A-221-493-903),<br><br>              Petitioner,<br><br>     v.<br><br>U.S General Attorney; ICE; and California<br>City Detention Center, Warden,<br><br>              Respondents. | No.  1:26-cv-04192-KES-CDB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>BOND HEARING WITHIN FOURTEEN<br>DAYS<br><br>Doc. 1 |

Petitioner Miguel Barrios Balbuena is an immigration detainee proceeding with a petition for writ of habeas corpus, which contains a request for a temporary restraining order.  Doc. 1. The Court has previously addressed the legal issues raised by the petition.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 4.  Respondents argue that this case is factually distinguishable because petitioner has a criminal history and was detained by immigration officials following an encounter with local law enforcement.  Doc. 5 at 1, 3–4. Respondents assert that petitioner is detained pursuant to 8 U.S.C. § 1225(b).  Respondents do not assert that petitioner's criminal history has shifted the statutory authority to detain petitioner to 8

1

U.S.C. § 1226(c). *See id.* at 2 n.1.[1]  While petitioner's criminal history and arrest may be relevant to a neutral decisionmaker's determination at a bond hearing, they do not eliminate petitioner's statutory right to such a hearing.  Respondents submit that "[t]here do not appear to be any other substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Order." *Id.* at 5.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Miguel Barrios Balbuena (A-Number: A-221-493-903) with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 18, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] Respondents note in a footnote that petitioner's criminal charges "escaped 1226(c) application." Doc. 5 at 2 n.1.  In the same sentence they also note, without further elaboration:  "however, a violation of the protective order may trigger application."  *Id.*  To the extent the immigration court determines that 8 U.S.C. § 1226(c) applies to petitioner's detention, this order would not preclude petitioner's detention pursuant to that statute.